## Wearen, &c., v. Smith, &c.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

1. While in all cases in which an appeal to this court is granted by the inferior court, except those mentioned in subsecs. 2 and 3, sec. 737, Civil Code, the appellant is required to file his assignment of errors and schedule in the clerk's office of this court within ninety days after the appeal is granted. *When the appeal is granted by the clerk of this court no time is fixed in which they shall be filed.*

2. But they should be filed a sufficient length of time before the period within which the transcript is required to be filed to give the notice mentioned by subsec. 7ab, sec. 737.

3. The quashal of a return is not a final order from which an appeal can be had to this court.

M. C. SAUFLEY FOR APPELLEES moved to dismiss the appeal.

1. The appeal was granted by the court below, and appellant failed to file his assignment of errors and schedule within ninety days after the appeal was granted. (Sec. 737, Civil Code, sec. 737a.)

2. The judgment is not final.

J. S. & R. W. HOCKER AND HILL & ALCORN FOR APPELLANT.

The appeal before the court was granted by the clerk of the Court of Appeals, and sec. 737, Civil Code, has no application.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee moves to dismiss the appeal in this case upon two grounds: first, because it was not taken within the time required by the Civil Code; second, because the judgment appealed from is not a judgment, or final order in the meaning of the Code, from which an appeal will lie.

Wearen, &c., v. Smith, &c.

It appears the judgment appealed from was rendered January 22d, 1878; that January 18th, 1880, a copy of the judgment was filed in the office of the clerk of the Court of Appeals, the appeal granted, and summons issued; and that January 28th, 1880, the schedule and assignment of errors were filed in the office of the clerk of the inferior court; but the transcript was not filed in the office of the Clerk of the Court of Appeals until August 10th, 1880.

Counsel for appellee contends that the appeal having been granted by the court below, it was the duty of appellants to file in the office of the clerk of that court, within ninety days after the granting of the appeal, his schedule and assignment of errors, as required by subsection 4a, section 737, Civil Code, and to file in the office of the clerk of the Court of Appeals, at least twenty days before the second term of this court next after the granting of that appeal, the transcript, as required by sections 738 and 739; and that, having failed to do so, they lost their right of appeal, and the clerk of the Court of Appeals had no authority to thereafter grant it.

By reference to subsection 4a, section 737, it will be observed that it applies exclusively to appeals granted by the inferior courts, and not to those granted by the clerk of the Court of Appeals; and although the failure of the appellant to file the schedule and assignment within the time prescribed in that subsection, as well as his failure to file the transcript within the time required by sections 738 and 739, are each a cause for dismissal of his appeal; still, even after the appeal granted by the inferior court has for such causes been dismissed, the clerk of the Court of Appeals is authorized and required by section 734, upon application of either party or his privy, upon filing in the

office of said clerk a copy of the judgment from which he·
appeals, to grant him as matter of right an appeal at any
time within two years next after the right to appeal first.
accrued.

Sections 738 and 739 are applicable to appeals granted by·
the clerk of the Court of Appeals, and also to those granted
by the inferior courts; and in each case the appellant is re-·
quired to file the transcript in the office of the clerk of the·
Court of Appeals at least twenty days before the first day·
of the second term of said court next after the granting of
the appeal by the inferior court, or by the clerk of the·
Court of Appeals, as the case may be, unless the court.
extend the time, as for cause shown may be done.

By subsection 3, section 739, it is made the duty of the·
appellant to file with the transcript his assignment of errors,
unless he shall have filed it in the clerk's office of the inferior·
court pursuant to the provisions of section 737; and when.
the appeal is granted by the clerk of the Court of Appeals,.
and the appellant chooses to file only part of the record, he·
is required by subsection 7, section 737, to file in the office·
of the clerk of the inferior court his assignment of errors·
and schedule.

But while in all cases in which the appeal is granted by·
the inferior court, except those mentioned in subsections 2
and 3, section 737, the appellant is required to file his assign-·
ment of errors and schedule in the office of the clerk of such ι
court within ninety days after the granting of the appeal,.
no time is prescribed in which they shall be filed when the·
appeal is granted by the clerk of the Court of Appeals, nor·
is the failure to so file expressly made cause for dismissing of
the appeal.    In our opinion, however, they should be filed
a sufficient length of time before the end of the period.

within which the transcript is required to be filed to give the notice required by subsection 7ab, section 737.

As in this case the appeal was granted, and the transcript, assignment of errors, and schedule were all filed in the manner and time required by the Civil Code, the motion to dismiss the appeal cannot be sustained upon the first ground.

Various errors are assigned by appellant; but as only one of them is relied upon, only that one will be considered.

It appears that a summons and order of attachment were issued, directed to the marshal of Somerset, and by him served upon the defendant in the action, and upon appellee, who was a garnishee, and it is to the order of court quashing the return of the officer upon the order of attachment as to appellee that appellant complains.

We do not consider the quashal of the return a judgment or final order from which an appeal will lie; nor, as the attachment was as to appellee discharged, and conceded by counsel for appellant to have been properly done, do we consider it material.

Wherefore, upon the second ground, the motion is sustained, and the appeal dismissed.