CASE 58—PETITION ORDINARY—DECEMBER 4.

# Winn v. Carter Dry Goods Co.

APPEAL FROM ESTILL CIRCUIT COURT.

1. ACTION FOR TORT—CORPORATIONS—VENUE.—Under the provisions of section 72 of the Civil Code, an action for tort against a corporation may be properly brought in the county in which the tort was committed, although the summons be served on it in another county.

2. FINAL ORDER.—A final order is one that either terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition; and the quashal of a summons and the return of the sheriff thereon upon motion of the defendant, was not a final order or judgment from which an appeal will lie.

GRANT E. LILLY FOR APPELLANT.

1. This is an action for an injury to character and reputation, and was properly brought in the county in which the acts causing the injury occurred. Secs. 72, 74 and 78 Civil Code.

Winn v. Carter Dry Goods Co.

2. The order quashing the summons was a final order because it put an end to the litigation.   Dudley v. Ky. High School, 9 Bush, 576.

WHITE & SMITH FOR APPELLEE.

1. The order quashing the return of the sheriff was not a final order.
2. The summons was properly quashed because the defendant was not summoned in the county where the action was brought.   The allegation that appellant's reputation, etc., was impaired, is not such injury as is contemplated in section 74 of the Civil Code.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellant in the Estill Circuit Court against appellee, alleging that he was engaged in the mercantile business in Estill county; that defendant, on the 23d day of September, 1895, while he was so engaged filed a suit against him in the Estill Circuit Court, in which it maliciously and without probable cause alleged that he had sold and conveyed, and was about to sell and convey, his property, with the fraudulent intent to cheat, hinder and delay his creditors, and to prevent the collection of their demands, and sued out a general attachment against the property of appellant.   Appellant charges that each and all of these statements were untrue, and were known by the appellee to be untrue at the time of the making thereof; that upon the trial of the attachment in the Estill Circuit Court, it was discharged, and that the suit was begun and all the proceedings thereunder were had in Estill county, and that the injury complained of occurred in that county. He also alleges that appellee is a corporation created under the laws of the State of Kentucky.

On this petition summons was issued, directed to the sheriff of Jefferson county, and was by him executed on appellee by delivering a copy of the summons to J. C. Bethel, president of the defendant company, he being the chief

officer found in the county at the time.   Upon the return
of this summons the defendant corporation entered its ap-
pearance, as it alleges, for the sole purpose of moving the
court to quash the summons and the return thereon exe-
cuted on its president because it was executed in Jefferson
county, by the sheriff of Jefferson county, contending that
the court could not take jurisdiction of the defendant under
the service, and the court sustained this motion and quashed
the summons and return thereon, to which appellant ex-
cepts, and prosecutes this appeal.

Two legal questions arise upon the appeal:   First, did
the Estill Circuit Court acquire jurisdiction by the service
of the summons issued from the office of the clerk of the
Estill Circuit Court and served by the sheriff of Jefferson
county upon the president of the corporation in Jefferson
county?

Section 72 of the Civil Code provides:   "Excepting the
actions mentioned in sections 62 to 66, both inclusive, and
in sections 68, 70, 71, 73, 75, and 77, an action against a
corporation which has an office or place of business in this
State, or a chief officer or agent residing in this State, must
be brought in the county in which such office or place of
business is situated, or in which such officer or agent resides;
or, if it be upon a contract, in the above named county, or
in the county in which the contract is made or to be per-
formed; or if it be for a tort, in the first-named county, or
the county in which the tort is committed."

Manifestly the purpose of section 72 of the Code is to
authorize actions against corporations that have committed
wrongful acts, for which an action will lie, in the county

in which such tort was committed, and by the service of the process in this action on the president of the company in Jefferson county the Estill Circuit Court acquired jurisdiction, and it was consequently error on the part of the trial judge to quash the summons and return thereon.

But this court has no jurisdiction to entertain appeals prosecuted from orders of circuit courts which are not final in their character; and a final order is one that either terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition.   (Helm v. Short, 7 Bush, 625; Turner v. Browder, 18 B. M., 826.)

We do not think the quashal of the summons directed to the sheriff of Jefferson county and the return thereon by the sheriff was a judgment or final order from which an appeal will lie (Warren v. Smith, 80 Ky., 216), as it does not finally determine any of the rights of appellant growing out of the alleged tort, and for this reason this court has no jurisdiction of the appeal, and it is, therefore, dismissed.