## Speckert v. Ray, Judge.

(Decided November 10, 1915.)

Petition for Mandamus Against the Judge of the
Jefferson Circuit Court.
(Common Pleas Branch, Fourth Division).

1. Mandamus—Will Lie to Compel Action by a Judicial Officer, But
Not to Control His Judicial Discretion.—It is a well settled doc-
trine in this jurisdiction that the writ of mandamus may issue to
compel action on the part of a judicial officer, but if such officer
has a discretion over the subject matter, the writ will not issue
to control such discretion, although it may have been improperly
exercised. If there be a refusal to act upon the subject, or to pass
upon the question on which such discretion is to be exercised,
then the writ may be used to enforce obedience to the law. But
when the question has been passed upon, the writ will not be used
for the purpose of correcting the decision.

2. Mandamus—Constitutional Law—Power Conferred by on Court
of Appeals to Issue Writs.—Section 110 of the Constitution pro-
vides that the Court of Appeals "shall have power to issue such
writs as may be necessary to give it general control of inferior
jurisdictions," but it has never been held by the Court of Appeals
that this provision of the Constitution authorizes it to exercise
the power to determine questions that necessarily belong to courts
of original jurisdiction and over which they have complete con-
trol, subject to review on appeal; hence the writ of mandamus
cannot be issued by the Court of Appeals to compel an inferior
court to decide a matter in any particular way. Under the con-
stitutional provision, supra, the Court of Appeals has sometimes
granted the writ of prohibition to control the action of an inferior
court, where it has attempted to act out of its jurisdiction or
where the writ of prohibition is the only adequate remedy to
which the party applying therefor can resort; but it has never
held that mandamus will lie to compel an inferior court to take
jurisdiction of and proceed with the trial of a case where, after

it has heard proof, it has judicially determined the fact that it was not possessed of such jurisdiction. In such case an appeal is the remedy to be resorted to by the plaintiff, if there be a right of appeal. If, however, there be no right of appeal, that fact will not authorize the granting of the mandamus, since the legislative department of the State has the power to grant or refuse such right.

DAVID R. CASTLEMAN and PRYOR & CASTLEMAN for plaintiff.

HUMPHREY, MIDDLETON & HUMPHREY for defendant.

OPINION OF THE COURT BY JUDGE SETTLE.—Denying writ of mandamus.

The plaintiff, Rosalee Speckert, seeks in this action a writ of mandamus to compel the defendant, Charles T. Ray, judge of the Jefferson Circuit Court, Common Pleas Branch, Fourth Division, to try an action pending in his court, wherein she is plaintiff and the Old Dominion Steamship Company is defendant; the writ being asked in this court. The case has been submitted on a general demurrer filed to the petition by the defendant, which seems to present all questions raised by the parties.

It appears from the averments of the petition, and is admitted by the demurrer, that the action pending in the Jefferson Circuit Court, of which the defendant, Charles T. Ray, is the presiding judge, was brought to recover of the Old Dominion Steamship Company damages for alleged insult and maltreatment sustained by the plaintiff at the hands of its servants and employes while a passenger on one of its steamships sailing from Norfolk, Virginia, to New York, of which they were in charge. It further appears from the petition that the plaintiff, in August, 1914, purchased of the Louisville agent of the Chesapeake & Ohio Railway Company a ticket from Louisville to New York, which entitled her to be carried as a passenger from Louisville to Norfolk, Virginia, over the line of the railway company, and from Norfolk to New York on the steamship of the Old Dominion Steamship Company.

Two summons were issued against the Old Dominion Steamship Company upon the filing of the petition, one of which was served upon R. E. Parsons, who is the district passenger agent of the Chesapeake & Ohio Railway Company at Louisville. The other was served upon

C. A. Pennington, the superintendent of terminals of the Louisville & Jeffersonville Bridge Company, which terminals are used by the Chesapeake & Ohio Railway Company at Louisville. The return upon the first summons was as follows:

"Executed December 29, 1914, on Old Dominion Steamship Company by delivering a copy of the within summons to Robert E. Parsons, agent of said company, he being chief officer found in this county at this time, he refusing to accept same.

"C. J. CRONAN, S. J. C.
"By E. D. Waters, D. S."

The return upon the second summons was as follows:

"Executed January 2, 1915, on defendant Old Dominion Steamship Company by delivering a true copy of the within summons to C. A. Pennington, the chief agent of the Chesapeake & Ohio Railway Company found in this county, and which said railway company, as the agent of said defendant, in charge of its business in this county.

"C. J. CRONAN, S. J. C.,
"By C. Mueller, D. S."

The Old Dominion Steamship Company entered its special appearance and made a motion to quash the return upon each of these summons, and in support of the motion filed the affidavits of Parsons and Pennington. Plaintiff, as against the motion, filed her own affidavit. The circuit court, after considering the motion to quash, sustained it, to which ruling plaintiff excepted. Thereafter the plaintiff entered a motion to set aside the order quashing the return on each summons, and that the case be set on the docket for trial. This motion was also overruled by the circuit court, to which ruling the plaintiff excepted. No further orders were entered or steps taken in the case.

The affidavit of Parsons contains the statements that the Chesapeake & Ohio Railway Company operates passenger trains from Louisville to Norfolk, Virginia; that the Old Dominion Steamship Company is a non-resident corporation, separate and distinct from the Chesapeake & Ohio Railway Company, and that it operates a steamship line over which passengers and freight are transported from Norfolk, Virginia, to New York; that he (Parsons) is not, and was not at the time the summons was served on him, the agent in Ken-

tucky of the Old Dominion Steamship Company; and that it has never had any officer or agent in Kentucky; that in selling tickets like that purchased by the plaintiff, the Chesapeake & Ohio.Railway Company acts for itself as far as the transportation on its line is concerned, and sells tickets for the connecting carrier, Old Dominion Steamship Company, as far as the transportation of passengers on the line of the latter is concerned; and that each line acts independently in the matter of such transportation. The affidavit of Pennington contains the statements that though the terminals of the Louisville & Jeffersonville Bridge Company, of which he is the superintendent, are used by the Chesapeake & Ohio Railway Company at Louisville, that company bills freight from Louisville to New York over the Chesapeake & Ohio railway to Newport News and over the Old Dominion Steamship Company from Newport News to New York, according to the usual custom of freight transportation; that each company acts separately and not jointly in regard to such traffic; that he (Pennington) is not and has never been the agent of the Old Dominion Steamship Company in this State, and that company has never had an officer or agent in this State.

The counter affidavit of the plaintiff was to the effect that in purchasing the ticket in question from R. E. Parsons, he held himself out as the agent in this State of the Old Dominion Steamship Company; that as the agent of the Chesapeake & Ohio Railway Company he kept in the office of that company at Louisville pamphlets and advertising matter of the Old Dominion Steamship Company, and that the Chesapeake & Ohio Railway Company solicits freight and passenger business for the Old Dominion Steamship Company; moreover, that subsequent to the infliction upon her by the servants of the latter company of the injuries complained of in the petition, Parsons, acting for it, entered into negotiations with her looking to the settlement of her claim for damages.

After the filing of the affidavit of the plaintiff there was filed by the defendant a supplemental affidavit of Parsons, in which it was denied that he had any negotiations with plaintiff regarding her claim for damages, or that he was authorized by the Old Dominion Steamship Company to negotiate with her; and stated that all railroads kept pamphlets in their ticket offices showing

their connecting lines all over the United States, the time of arrival and departure of trains, etc.; that when a person desiring to go to New York applies at the ticket office of the Chesapeake & Ohio Railway Company, the agent of that company solicits such person to travel over its line as far as Norfolk, Virginia, and represents at the time that it has a connection at Norfolk for New York, *via* the Old Dominion Steamship Company, and that a through ticket from Louisville to New York by the steamship company's line can be obtained in the Louisville office of the Chesapeake & Ohio Railway Company, and also freight transportation.

It does not seem to be claimed by the plaintiff that the service of process on Pennington is good, but it is insisted for her that the service on Parsons is valid and sufficient to give the circuit court jurisdiction in the action as to the Old Dominion Steamship Company. The two questions presented for decision by the record are: (1) Whether the writ of mandamus will lie to compel a judicial officer to decide that service of process, which he had already adjudged insufficient, is good; (2) whether, if mandamus is the proper remedy, the service of process had on the defendant, Old Dominion Steamship Company, is good, and, therefore, sufficient to give the circuit court jurisdiction to entertain and try the action.

It is not claimed in the instant case that the defendant judge refused to act at all. On the contrary, it is conceded that he entertained the case for the purpose of considering the single question presented to him; that is, whether the service of process was good or bad, and that he did decide it; and the decision being that the service was not good, an order was entered quashing the return. The only meaning of the plaintiff's complaint is, that the decision was adverse to her interest and, therefore, incorrect, for which reason she asks the writ of mandamus, to compel a different decision of the question and one that will be favorable to her. In other words, what the plaintiff now seeks is, not that the judge of the circuit court be required to take action, but that he act in a manner that will deprive him of the discretion with which he is clothed as a judicial officer by the law.

Section 110 of the Constitution provides that the Court of Appeals shall have power to issue such writs as may be necessary to give it general control of inferior jurisdictions. We have never held that the above pro-

vision of the Constitution authorizes this court to exercise the power of determining questions that necessarily belong to courts of original jurisdiction and over which they have complete control, subject to an appeal to this court, where an appeal is allowed. The writ of mandamus cannot be issued to compel an inferior court to decide a matter in any particular manner. The chief office of the writ, as applied to courts, is to compel action by them; but where, as in the instant case, the petition of the plaintiff alleges that the court acted, but acted in a way different from what the plaintiff desired, this court is without power to interfere to the extent of compelling, by mandamus, such action or decision on the part of the circuit court as will deprive it of the discretion conferred upon it by law. As said in Commonwealth v. McCrone, 153 Ky., 296:

"The general principle which applies to the issue of a writ of mandamus is familiar. It may be issued to compel the performance of a ministerial act, but not to control discretion. It may also issue against a tribunal, or one who acts in a judicial capacity, to require it or him to proceed, but the manner of proceeding must be left to his or its discretion. If the case here presented were one in which the fiscal court of Campbell County had refused to act at all, the writ would lie to compel it to do so, but it would have to be left to its discretion to consent or refuse its consent to the appointment to the office of county road engineer of the person named by the county judge therefor. But, such is not the case; the fiscal court did act and a majority of its members by voting refused to consent to the appellant, Traver's, appointment to the office of county road engineer; this being true, they cannot again be required to vote upon the question whether they will consent to the appointment of Traver."

There cannot be found a clearer and more concise statement of the doctrine in question than is contained in the following excerpt from the opinion in City of Louisville v. Kean, 18 B. Mon., 9:

"But the doctrine seems to be well settled that when the inferior tribunal, or the subordinate public agents, have a discretion over the subject matter, that discretion cannot be controlled by mandamus, although it may have been improperly exercised. If there be a refusal to act upon the subject, or to pass upon the question on

which such discretion is to be exercised, then the writ may be used to enforce obedience to the law; but when the question has been passed upon, it will not be used for the purpose of correcting the decision." Board of Trustees v. McCrory, 132 Ky., 326.

One of the later cases on this question is that of Commonwealth on Relation, etc. v. Weissinger, Judge, 143 Ky., 368, in the opinion of which it is said:

"The only question presented by the record is— did the Jefferson County Court have power to vacate and set aside the judgment by default? If it did not have jurisdiction to vacate and set aside the default judgment, the writ of prohibition should have been granted; on the other hand, if it did have jurisdiction, the writ should be denied. If the county court had power to vacate the judgment, it is wholly immaterial whether the reasons for so doing were sufficient or not; and so we will not inquire into the sufficiency of the reason, as a writ of prohibition will not lie to restrain an inferior tribunal from acting within its jurisdiction, however erroneous its action may be." Goldsmith v. Owen, Judge, 95 Ky., 420; L. S. L. & B. A. v. Harbeson, Judge, 20 R., 278; Weaver v. Toney, 107 Ky., 426; Galbraith v. Williams, 106 Ky., 431; Schobarg, etc. v. Manson, 110 Ky., 483; Carter County v. Mobley, 150 Ky., 482.

We do not overlook the fact that in some jurisdictions it has been held that where a court declines jurisdiction by mistake of law, erroneously deciding as a matter of law and not as a decision upon the facts, that it has no jurisdiction, and either declines to proceed or disposes of the case, the general rule has been announced that a mandamus to proceed will lie from any higher court having supervisory jurisdiction, unless there is a specific and adequate remedy by appeal or writ of error. But insofar as we have been enabled to discover, it has never been held that mandamus will issue to review the decision of a lower court which has refused jurisdiction after determination of the question of fact. In some of the cases a distinction is made between a refusal to take jurisdiction *ab initio* and a determination that there is no jurisdiction, it being held that where the court has acted and judicially determined that it has no jurisdiction, its determination cannot be reviewed, except on appeal or writ of error. Cahill v. San Francisco Superior Court, 145 Cal., 42;

People v. Garnett, 130 Ill., 340; State v. Judges Orleans Parish Court of Appeals, 105 La., 217; State v. Smith, 105 Mo., 6; Nevada Central Railroad Co. v. Lander County District Court, 21 Nev., 409; Commonwealth v. Judges Philadelphia County, C. Pl., 3 Binn, 273; In Re Key, 189 U. S., 84; In Re Morrison, 107 U. S., 14.

In most of the states, however, the doctrine is as held in this jurisdiction, that if an inferior tribunal has a discretion and proceeds to exercise it, its discretion cannot be controlled by mandamus; but if it has a discretion and refuses to exercise it, it can be compelled to do so, though not in any particular direction.

It is insisted for the plaintiff that she is entitled to the mandamus sought on the ground that there is no other adequate means of relief open to her. This ground of relief has so frequently been recognized in this jurisdiction in applications for the writ of prohibition, that it may be said to be a well-established rule that the writ of prohibition may be issued by the circuit court against an inferior court, or by the appellate court against a circuit court, where the inferior or circuit court is attempting to act out of its jurisdiction, or where the writ of prohibition is the only adequate remedy to which the party applying therefor can resort. Cullins, et al v. Williams, et al, 156 Ky., 57; Arnold v. Shields, 5 Dana, 18; Pennington v. Wolfolk, 79 Ky., 13; N. N. & M. V. Co. v. McBrayer, 15 R., 399; Clark County Court v. Warner, 116 Ky., 801; McCann v. City of Louisville, 23 R., 558; Rush, etc. v. Denhardt, 138 Ky., 238.

In the cases relied on by the plaintiff, no such state of facts as here presented will be found. That of Equitable Life Insurance Co. v. Hardin, 166 Ky., 53, deals wholly with the writ of prohibition, and the writ was granted because the wrong complained of would have resulted in irreparable injury to the plaintiff and there was no other adequate remedy to which it could have resorted.

In Carey v. Sampson, Judge, 150 Ky., 460, Carey sought from this court a writ of prohibition to prevent Sampson, judge of the circuit court, from trying him under an indictment for practicing medicine without a license, the punishment for which offense is a fine not exceeding fifty dollars. The grounds chiefly urged by Carey for the writ were that as Sampson had said in advance of a trial that he intended to find him guilty and

would fine him, and there could be no appeal from the maximum fine to be assessed against him, in the absence of the writ of prohibition asked, he would be left without any adequate remedy. In denying the writ we held that the fact that no appeal is given by law from the judgment of an inferior court cannot affect the question of the propriety of the Court of Appeals granting a writ of prohibition, since the legislative department of the State has the power of limiting the jurisdiction of this court as to appeals; the right of appeal being not an inherent right, but one that may be granted as a matter or grace, or withheld by the legislature, in the exercise of its discretion. In the opinion it is, among other things, said:

"In determining whether there is an adequate remedy, each case must be adjudged upon its merits. In Rush v. Denhardt, 138 Ky., 245, this court said: 'If we should once lay down the rule that application by original proceeding might be made to us to stay the hand of the inferior jurisdictions, whenever in the opinion of counsel the ruling was prejudicial although it might not leave the complainant without adequate remedy, we would have much of our time occupied in the settlement of questions that could be brought before us in the regular way by appeal. Inferior courts would be obstructed in the hearing and disposal of cases, and much confusion and uncertainty would follow.'

"In the case before us the only element entering into the charge that plaintiff has no adequate remedy is the fact that no appeal will lie from the judgment which the circuit judge will render against him because the fine will be for an amount not within the jurisdiction of this court. The case, therefore, is on all fours with that of the Standard Oil Co. v. Linn, Judge, 17 R., 833, where the oil company, having been proceeded against under sixty-five separate indictments for buying and receiving empty coal oil barrels without having first erased therefrom the inspector's brand, which had been placed on them as required by law, applied to this court for a writ of prohibition to arrest the proceedings. In overruling the application, this court, speaking through Chief Justice Pryor, said:

" 'The basis of the motion rests upon the ground that his decision may be adverse to the defendant, and as the fine is for an amount not within the jurisdiction of this court, no appeal can be prosecuted from his judgment.

It has long been held, and, in fact, no ruling to the contrary can be found, that such a writ issued only to prevent the inferior tribunal from exercising or attempting to exercise a jurisdiction that does not belong to it. * * * Section 110 of the Constitution provides that this court "shall have power to issue such writs as may be necessary to give it general control of inferior jurisdictions." Under this provision, it is claimed, this court may rightfully exercise the power of determining not only the question of jurisdiction in the inferor court, but may go so far as to determine questions that necessarily belong to courts of original jurisdiction and over which they have complete control, subject to an appeal to this court where an appeal is allowed. It is not contended the circuit court is without jurisdiction to try these indictments, and it must be conceded it has full and complete power to determine all questions pertaining to the trial made by counsel on either side. With such a latitudinous construction given this provision of the Constitution as we are asked to give, this court would convert itself into a tribunal of original jurisdiction, and in every case, as to the validity of indictments, or of the sufficiency of any pleading in a civil action, this court could interfere and direct the inferior court as to what the judgment should be. If the statute imposing the penalty in such cases has been repealed the court below has the jurisdiction to so decide, or if the indictment or proceeding is defective the same power exists, as that there can be no reason for this court to interfere with the exercise of the rightful jurisdiction of any court except in cases where appeals are prosecuted, and it is only in cases where the inferior tribunal is beyond the bounds of its jurisdiction that this writ should go. The fact that no appeal is given cannot affect the question, because the legislative department of the State has the power of limiting the jurisdiction of this court as to appeals.' "

Here the question whether the plaintiff, in case of a refusal of the mandamus, has any other adequate means of relief cannot be considered, for there was a hearing, of proof by the circuit court and decision that the service of process was not sufficient to bring the Old Dominion Steamship Company before the court. If correct in this decision, the court could not proceed to try the case, owing to its not having obtained jurisdiction

of the person of the defendant. The question determined was jurisdictional, in the decision of which there was a complete exercise of the discretion of the court, which cannot be interfered with by the writ of mandamus; nor can the decision itself be reviewed by this court on an application for such writ.

If, as claimed by the plaintiff, the circuit judge erred in the decision rendered, that fact will not authorize the granting of the mandamus; or, if, as further claimed by her, she were without right of appeal from the decision, the granting of the mandamus would be equally unauthorized; as in either event we would be confronted with the fact that the circuit judge had a discretion over the subject matter involved in the question decided, and that, in making the decision, he exercised such discretion, for which reasons no power exists in this court to compel, by mandamus, a different decision.

We are unconvinced of the soundness of the plaintiff's contention that she has no other adequate remedy than the one here applied for. If, after the quashing of the return on the summons, she had advised the judge of the circuit court that she proposed taking no further step in the case, he doubtless would have entered judgment dismissing the action for want of jurisdiction of the person of the defendant; from which judgment, upon reserving the necessary exception, she could have taken an appeal to this court, and thereby obtained a review of the rulings of the circuit judge complained of.

Our conclusion that the plaintiff has not shown herself entitled to the writ of mandamus asked, renders unnecessary and, indeed, improper the decision of the second question urged by her, viz.: whether the service of summons was legally had upon the Old Dominion Steamship Company; so that question is not passed on.

For the reasons indicated, the demurrer to the petition is sustained, the writ of mandamus refused, and the action dismissed.