## Edmonds v. David G. Evans & Company.

(Decided February 10, 1916.)

### Appeal from Breathitt Circuit Court.

1. Appeal and Error—Final Order.—An order of the court quashing the return on a summons is not final or appealable.
2. Appeal and Error—Remedy of Plaintiff When Return on Summons is Quashed.—When the return on a summons is quashed, if the court enters an order dismissing the action for want of jurisdiction over the person of the defendant, as it may do, an appeal may be prosecuted from the order.

W. L. DOOLAN and JOHN E. PATRICK for appellant.

ADAMS & HOLLIDAY and G. W. FLEENOR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing appeal.

The appellant brought this suit in the Breathitt Circuit Court against the appellee company, a foreign corporation, and a summons issued against the company was executed by delivering a copy to one C. W. Strong, a traveling salesman or drummer for the company in Breathitt County. The appellee, without entering its appearance to the action, moved the court to quash the return on the summons, and this appeal is prosecuted from the order of the court sustaining this motion. This order was not final or appealable and the appeal must be dis-

missed: Warren v. Smith, 80 Ky., 216; Winn v. Carter Dry Goods Co., 102 Ky., 370.

But in cases like this the plaintiff, when the summons is quashed, may bring an appeal to this court by pursuing the practice set out in Speckert v. Ray, Judge, 166 Ky., 622, where it was said, in answer to the argument that the plaintiff has no remedy when the summons is quashed: "If, after the quashing of the return on the summons, she had advised the judge of the circuit court that she proposed taking no further steps in the case, he doubtless would have entered judgment dismissing the action for want of jurisdiction of the person of the defendant; from which judgment, upon reserving the necessary exception, she could have taken an appeal to this court and thereby obtained a review of the rulings of the circuit judge complained of."

And so in this case if the court after the return on the summons had been quashed and after being advised that the plaintiff did not intend to take any further steps in the case had entered as it might have done a judgment dismissing the action for want of jurisdiction of the person of the defendant, an appeal could have been prosecuted from the order dismissing the case.

The appeal is dismissed.