## Bruch v. Glow Electric Company, a Corporation.

(Decided December 7, 1920.)

### Appeal from Campbell Circuit Court.

1. Appeal and Error—Final Order.—An order quashing a return on process is not a final order from which an appeal will lie.

2. Appeal and Error—Quashal of Summons—Final Order.—Where a return on a summons is quashed and the plaintiff desires to test the correctness of the ruling of the circuit court in quashing the process or the return thereon, he should indicate this fact to the trial court, and the trial court may in its discretion dismiss the petition and thus make a final order from which an appeal will lie and a review of the correctness of the ruling of the lower court in quashing the process may be had.

W. F. CLARK for appellant.

C. W. YOUNGBLUT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Glow Electric Company, incorporated, of Ohio, took a contract to install certain electrical apparatus in the dwelling house in which Rebecca Bruch resided in the city of Newport, Campbell county, Kentucky, and while engaged in the work removed some of the boards from the floor of the bedroom of Mrs. Bruch and she, in passing through her house at night, fell into the hole in the floor and suffered very painful and dangerous injuries. To recover damages for the wrong suffered she instituted this action in the Campbell circuit court. Process was issued on the petition and placed in the hands of the sheriff of Campbell county, who in due course executed the summons upon the president of the Glow Electric Company. The corporation was organized under the laws of the state of Ohio and the president lived in the state of Ohio but came over into Campbell county, Kentucky, to attend the funeral of a friend and was served with process while attending this ceremony. The corporation entered a motion to quash the return on the summons and this motion being submitted to the court was sustained and the return quashed. The order made by the court reads as follows: "This cause is submitted on the motion to quash the return on the summons. The motion is sustained and the said return on the summons is ordered quashed, to which plaintiff excepts and prays an appeal to the Court of Appeals which is granted." The petition was not dismissed and so far as the record shows no subsequent order was made in the case.

There is no brief for the appellee, Glow Electric Company, but appellant filed a brief in which she makes the following inquiry: "Did the circuit court err in sustaining appellee's motion to quash service upon the summons executed upon appellee herein?" and this question is preceded by the declaration that it is the sole inquiry in the case.

We are not at liberty to consider the question of whether the court correctly quashed the return on the summons, because there was no final order entered in the case from which an appeal would lie and we can not therefore consider this appeal further than to hold that the order entered was not such as from which an appeal would lie. In the case of Winn v. Carter Dry Goods Co., 102 Ky. 373, the exact question here presented was determined, and we held that an order quashing a return on process is not a final order and no appeal will lie, say-

ing: "We do not think the quashal of the summons directed to the sheriff of Jefferson was a judgment or final order from which an appeal will lie, as it does not finally determine any of the rights of appellant growing out of the alleged tort, and for this reason this court has no jurisdiction of the appeal, and it is, therefore, dismissed." We have also held that a quashal of the officer's return on an order of attachment is not a final order from which an appeal can be taken. Wearen v. Smith, 80 Ky. 216.

Had the court dismissed the petition of Mrs. Bruch the order would have been a final one and an appeal could have been prosecuted. As said in the case of Speckert v. Ray, Judge, 166 Ky. 622, "If, after the quashing of the return on the summons, she had advised the judge of the circuit court that she proposed taking no further step in the case, he doubtless would have entered judgment dismissing the case for want of jurisdiction of the person of the defendant from which judgment, upon reserving the necessary exception, she could have taken an appeal to this court and thereby obtained a review of the rulings of the circuit judge complained of."

The most recent utterance of this court on the subject is found in the opinion in the case of Edmons v. David G. Evans & Co., 168 Ky. 393. The order in that case quashed the return on the summons, and we held it not final or appealable, and dismissed the appeal. We there said that in cases of this kind the plaintiff, when the summons is quashed, may bring an appeal to this court by pursuing the practice set out in Speckert v. Ray, Judge, *supra.*

As the order entered by the court below in the case at bar is not a final one, no appeal would lie, and this appeal is dismissed.

Judgment affirmed.