## Bastian Bros. Co. v. Field, Judge.

Dec. 8, 1939.

728

Trabue, Doolan, Helm & Stites for petitioner.

William H. Field pro se.

OPINION BY JUDGE THOMAS—Sustaining demurrer and dismissing petition.

This is an original action filed in this Court by petitioner, Bastian Brothers Company, a manufacturing corporation in the State of New York, against the respondent the Hon. William H. Field, Judge of the Third Division of the Common Pleas Branch of the Jefferson Circuit Court, in which petitioner seeks a mandatory order from this court directing respondent to enter an order upon the records of his court sustaining petitioner's motion to quash the sheriff's return on a summons against it issued upon a petition filed in the Jefferson circuit court by one Edward F. Bannon as plaintiff, against petitioner, as defendant, wherein Bannon was seeking to recover a judgment against petitioner for the sum of $21,780 claimed to be due him as commission for selling petitioner's product in the city of Louisville.

The facts as disclosed by the petition, and by the orders and opinion of respondent—filed as exhibits with the petition—are substantially these: Bannon claims to have been acting as salesman in Louisville of petitioner's manufactured products, receiving as compensation

for his services an agreed commission on the amount of his sales. On February 20, 1937, he filed his action in the Jefferson circuit court against petitioner, in which he sought to recover as compensation due him the sum of $650. That action, under the local rules of practice in the Jefferson circuit court, was allotted to the division presided over by respondent. Petitioner, as defendant in that action, did not in any manner question the service of process against it, but answered the petition, thereby entering its appearance. That action will be referred to herein as the "first action."

On April 16, 1937, slightly less than two months after the filing of the first action, Bannon filed another one in the same court against petitioner, the same defendant, seeking to recover from it for other similar services the sum of $21,780, which action, under the same rules, was allotted to the division of the Jefferson circuit court presided over by the Hon. Eugene Hubbard. Defendant (petitioner here), in that action, before taking other defensive steps, entered motion to quash the return of the sheriff on the summons issued in that action on the ground that the person upon whom it was served was not its agent. Evidence was heard on that motion which was transcribed and filed as a part of the record. The court overruled the motion to quash and the case remained on the docket of Judge Hubbard until a later order made by him transferring it to the division presided over by respondent. It will hereafter be referred to as the "second action."

On March 5, 1938, Bannon, as plaintiff in the first action (which was still on the docket of respondent), amended his petition therein by which he sought the recovery for the same cause declared on in the second action. Respondent permitted that amendment to be filed, but ruled that it was necessary for process to issue thereon which was done, and it was executed on the same character of agent as was done in the second action. When that process was returned as so executed petitioner moved before respondent that the return be quashed, which was based upon the same ground as was his former similar motion made in the second action. That motion was heard upon the same evidence that was introduced before Judge Hubbard in disposing of the motion made in the second action while pending before him. Respondent sustained the motion pursuant to a finding by him that the person upon whom service was

made was not the requisite character of agent for that purpose. In the meantime, or following that order, the second action was transferred by Judge Hubbard to the division of the court presided over by respondent. Following such transfer defendant moved to set aside the order of Judge Hubbard overruling petitioner's motion to quash the return on the summons issued in the second action, and that the motion be sustained pursuant to an order theretofore made by respondent in the first action before whom the second action was then pending, but respondent—although he had previously made a different ruling on the same evidence with reference to the process issued on the amended petition filed in the first action—declined to enter an order in the second action contrary to the one made by Judge Hubbard, although convinced that the latter's order was not sustained by the facts. However, he did state at the time that he would sustain a motion, if one was made, to transfer both actions to the division of the court presided over by Judge Hubbard. Whereupon petitioner filed this action in this court for a mandatory order requiring respondent to set aside Judge Hubbard's order in action No. 2 and enter one in lieu thereof sustaining petitioner's motion to quash the return of the sheriff made therein pursuant to respondent's conclusion that Judge Hubbard's order was erroneous.

The petition filed in this court avers the foregoing facts with a prayer that "this Court issue its writ of mandamus, addressed to the Honorable William H. Field, directing him as Judge of the Third Division of the Common Pleas Branch of the Jefferson Circuit Court, to enter orders in conformity with his opinion quashing the returns of services of summonses, and setting aside previous orders sustaining the same, in action No. 251,111 (second action) styled 'Edward F. Bannon, plaintiff, v. Bastian Brothers Company, defendant,' now pending before him." To that petition respondent has filed a demurrer.

An order of court sustaining or overruling a motion to quash the return of an officer on a summons is an interlocutory one, not appealable to this court, as was held by us in the cases of Wearen v. Smith, 80 Ky. 216; Winn v. Carter Dry Goods Company, 102 Ky. 370, 43 S. W. 436, 19 Ky. Law Rep. 1418, and Edmonds v. David G. Evans & Co., 168 Ky. 393, 182 S. W. 207. Consequently the court may at any time before final judgment

reconsider its ruling on such a motion and set aside its former order and enter a contrary one, and which, of course, either Judge Field or Judge Hubbard may yet do in the cases here involved. However, the last and final order that the court may make on such a motion will be subject to review by this court if proper exceptions are taken thereto, and the evidence heard, if any, preserved and brought to this court on appeal from any judgment that might be rendered in the cause—all of which was expressly held in the case of Speckert v. Ray, Judge, 166 Ky. 622, 179 S. W. 592, 4 A. L. R. 603, and which was referred to with approval in our opinion in the Edmonds case, supra.

Having said this much we will now briefly consider the extent of our original jurisdiction as conferred by Section 110 of our Constitution: Perhaps no section of our fundamental law has received more consideration by this court than the one referred to, granting original jurisdiction on this court in controlling the actions and rulings of inferior courts, as will appear from the notes to that section in Baldwin's 1936 Revision of Carroll's Kentucky Statutes. At the threshold, and without in any wise involving the merits, we held in the case of Shipp v. Stoll, Judge, 200 Ky. 646, 255 S. W. 75, that an original action in this court for a mandatory process requiring the judge of a circuit court to make certain rulings which, when made, would be interlocutory would not be entertained by this court, since they remained subject to reversal by the inferior court making them until a final and appealable judgment to this court was rendered. But, independently of that phase of the case, we have construed the section of the Constitution in a great number of cases appearing in the annotations supra as not conferring upon this court such controlling original jurisdiction, unless the respondent court was (a) proceeding or about to proceed without jurisdiction for which there was no other provided correcting remedy, or (b) that the respondent court was erroneously proceeding within its jurisdiction, followed by great and irreparable injury to petitioner, *and* for the relief against which there was no adequate provided remedy.

In this case, as we have seen, the petitioner, if its motion to quash the return on the process, referred to should be finally erroneously overruled, may nevertheless have that error corrected on an appeal from a final judgment against it, if the trial should so terminate, and

which appeal, as held in a number of cases cited in the annotations supra, is an "adequate remedy." Likewise, those opinions hold that "great and irreparable" injury is not reached or satisfied by mere delay and cost incident to a final trial on the merits, and which is the only injury that petitioner in this case relies on. Some of the cases sustaining the foregoing views are, Central of Georgia Railway Company v. Gordon, Judge, 180 Ky. 739, 203 S. W. 725; Natural Gas Products Company v. Thurman, 205 Ky. 100, 265 S. W. 475; Duffin v. Field, 208 Ky. 543, 271 S. W. 596; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Edwards v. Sims, 232 Ky. 791, 24 S. W. (2d) 619; Scholl v. Allen, 237 Ky. 716, 36 S. W. (2d) 353; and Goodenough v. Purchasing Company, 241 Ky. 744, 45 S. W. (2d) 451; while there are many others in the annotations, some of which are referred to in the listed cases.

If the court in ruling on such a motion should sustain it and plaintiff should be convinced of the futility of an alias process, he could so announce to the court and suffer it to dismiss his action—from which an appeal would lie to this court with the right of plaintiff to contest that ruling, as was pointed out in the Edmonds case, supra, and which was followed by us in the very recent case of Riggs v. Schneider's Ex'r, 279 Ky. 361, 130 S. W. (2d) 816, where the facts were identical with those involved here.

We had before us the identical question here involved in the cited case of Central of Georgia Railway Company v. Gordon, Judge. Petitioner in that case moved Judge Gordon, then one of the judges of the Jefferson circuit court, to quash the sheriff's return on a summons issued against it in an action filed against it in that court by one Metcalf. The motion was overruled and the defendant in that action petitioned this court invoking its original jurisdiction conferred by Section 110 of our constitution, and prayed for mandatory orders correcting the alleged error of respondent therein in overruling the motion of quash made before him. We declined to take jurisdiction because the error complained of, if any, was not only interlocutory—subject to correction at any time thereafter during the pendency of the cause—but also upon the ground that petitioner had an adequate remedy by appeal. Such rulings clearly demonstrate, as we conclude, that we have no original jurisdiction to grant the relief prayed for by petitioner.

Wherefore, for the reasons stated respondent's demurrer filed to the petition is sustained, and on failure of petitioner to amend, its petition is dismissed.