## Town of Wallins v. Luten Bridge Co.

June 9, 1942.

R. S. Rose for appellant.

H. L. Bryant and R. L. Pope for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY— Dismissing appeal.

The appellant, town of Wallins, Harlan county, Kentucky, is a municipal corporation of the sixth class.

In 1929, it contracted with the appellee, Luten Bridge Co., a non-resident corporation having its principal place of business at Knoxville, Tenn., for the construction of a bridge over Wallins Creek at a cost of about $4,000. Also it contracted with N. R. Denham for a survey to be made for the bridge at a cost of $400 and at about the same time it purchased from the Eureka Fire Hose Co. certain hose equipment at a cost of some $1,260 and a fire truck from the city of Pineville at a cost of $1,250.

Such construction and surveying services having been rendered and the purchased fire hose and truck delivered and accepted by the town, it failed to pay the indebtedness incurred therefor.

In 1932 suits were filed against the town and its board of trustees, by which they sought recovery upon the indebtedness incurred under these contracts and asked that the town be required to levy and collect a tax sufficient to pay these debts in addition to its current governmental expenses.

The town by its answer pleaded that the contracts sued on were each invalid, in that the indebtedness thereby incurred was in excess of the maximum amount of its constitutional debt limitation and all of the revenues receivable by it for that year were not sufficient in amount to pay even its current governmental expenses.

Following pleadings joined issue upon the question of the validity of the contracts.

Upon the later trial of the cause at the ———, 1935, term of court, the town failing to present its pleaded defense and the cause being submitted upon the pleadings and proof taken thereon, a default judgment was rendered against the town and its board of trustees granting the relief prayed for in their petitions.

Counsel for the town states that the judgment was taken in violation of an agreement had with counsel for plaintiffs that the cause would not be tried at that term. However, he further states that notwithstanding such agreement had, he was called at London, where he was engaged upon trial of other cases in that court, and in-

formed that the case had been called and was then on trial in the Harlan circuit court, but that he was unable to then leave London and return to participate in the trial at Harlan of these suits against the Town of Wallins, which were then being heard.

He further states that being of the opinion the default judgment rendered upon the contracts had been obtained by fraud and was erroneous, on the ground that same were contracted in excess of the town's constitutional debt limitation, he several times advised the members of the board that an appeal should be taken at once from the judgment rendered, but that he never was given a reply nor heard anything further from them as to prosecuting an appeal, nor, it is admitted, was the default judgment taken ever appealed from.

It further appears that following the rendition of this judgment, the town made several payments, totalling some $1,740, upon its judgment debt owing the appellee, Luten Bridge Co., after which, no further efforts having been made by the town to pay the balance owing upon its judgment debt, the Luten Bridge Co. employed R. L. Pope, a non-resident attorney of Knoxville, Tenn., to collect the balance of some $2,500 owing it by the town on its contract debt.

Pursuant to such special employment, he appeared in the Harlan circuit court at its ———, 1940, term, where he moved for a rule against the town and its board of trustees to show cause why they should not be punished for contempt in failing to obey the court's order, made in its judgment rendered at its 1935 term, requiring them to levy and collect sufficient taxes to pay off the amount of this contracted indebtedness and also its current governmental expenses.

The town's board of trustees responded to the rule issued that the judgments taken against them and the town were violative of Sections 156, 157 and 158 of the Constitution and were void.

The lower court ruled that though the judgments granted were each invalid, in that they were for indebtedness incurred in excess of the town's revenues levied and receivable for that year, it could not go back of the prior 1935 default judgment, which had then run for some four years, unchallenged and without appeal, and become final and res adjudicata of the question of the

validity of these debts. However, it overruled plaintiffs' further motion made that the judgment debts be funded, to which ruling plaintiffs excepted.

Thereupon the appellant, Town of Wallins, filed its countersuit or petition in equity against the Luten Bridge Co. in the Harlan circuit court on the ——— day of ———, 1940, seeking to have set aside the judgment rendered against it in 1935 for the balance of the contract price owing it, on the ground that the indebtedness thereby incurred was void as being in violation of Sections 157 and 158 of the Constitution. Also it alleged that the Luten Bridge Co. was a non-resident corporation, with no officer or process agent in Kentucky upon whom it could have process served and attempted to secure jurisdiction of the defendant bridge company by having the summons issued on its petition served on the company's special attorney, R. L. Pope, a non-resident attorney, who visited Harlan county only occasionally as a practicing attorney, when specially employed by various parties including the bridge company.

Upon the return of this summons, the appellee nonresident corporation entered its appearance, as it alleged, only for the purpose of moving the court to quash the summons and return thereon.

Further, appellant filed an amended petition, seeking to recover the amount the town had paid the bridge company (about $1,748) on its alleged void judgment debt.

The motion made to quash the return was sustained.

The order of the court quashing process was as follows:

"This cause having been submitted to the court on the motion of the defendant to quash the service of process or summons executed on R. L. Pope in this case on the 23rd of February, 1940, and the court after considering said motion and being advised, sustained said motion of the defendant and said process and service executed on said Pope is now and hereby held for naught and cancelled, to all of which plaintiff objects and excepts."

An amended petition was filed, alleging that Mr. Pope was an assignee of the judgment and if not, was the only agent of the company in Kentucky and had probably received a part of the $1,748 payment made on the judgment.

Motion to quash was extended to the amended petition and sustained.

At the later special June term of the court, the Luten Bridge Co., here appellee, having moved the court that funding bonds be issued by the town to meet the judgment debts rendered against it, the town's special attorney, Hon. R. S. Rose, resisted said motion. The court, after hearing argument of opposing counsel, overruled the motion, to which action the bridge company excepted. Mr. Rose then announced that he was appealing on the judgment of the court theretofore rendered, holding that the bridge company was not before the court by service of process on R. L. Pope, its attorney, and further stated that he had filed an amended petition against the bridge company, "and then it was agreed between said Rose and said Pope that said Rose for and in behalf of the Town of Wallins would prosecute an appeal at once to the Court of Appeals from the court's action in sustaining the motion of the defendant, Bridge Company, both on the original petition and the amended petition."

The order, evidently prepared by Mr. Rose, further recites that "the motion to quash was sustained and the petition dismissed, to which action and ruling of the court the plaintiff, Town of Wallins, excepts and prays an appeal to the Court of Appeals, which is granted."

The earlier records in this case were burned and though there is an agreed stipulation of facts, it is incomplete and confusing. However, it would appear that the two questions presented upon this appeal (though counsel for appellant insists that the town is appealing from the court's ruling in sustaining the motion of the bridge company to quash the officer's return) are: (1) Did the Harlan circuit court acquire jurisdiction of the bridge company by service of summons upon its special non-resident attorney, R. L. Pope, when appearing in court seeking a rule against the town trustees for not having obeyed the orders of the court's 1935 judgment, requiring them to levy sufficient taxes to pay its contracted indebtedness and also its governmental expenses; and (2) did the court properly rule in adjudging that the town was liable for its indebtedness contracted in 1929, even though revenues levied and receivable from all sources for that year were insufficient to pay such indebtedness in addition to its current governmental expenses.

As to the first question, the appellee bridge company contends that the appeal should be dismissed, because the court's order appealed from, sustaining the motion to quash service of process, was not a final order.

As to this, appellant answers that it was a final order, because, he states, it was agreed between Rose and Pope that Rose would prosecute an appeal from the court's order sustaining the motion to quash the officer's return of process as to the Luten Bridge Co. and further that, as recited in the later June term order of the court, appellant excepted to the ruling of the court in sustaining the motion to quash and "the petition was dismissed."

It is denied by counsel for appellee that there was any agreement had between him and Rose as to the town's prosecuting an appeal from the court's ruling in sustaining defendant's motion to quash, or that there was any order of the court dismissing plaintiff's petition.

As the court speaks only through its records and as its order sustaining the motion to quash went no further than ordering the motion sustained and that service of process executed on the company's attorney should be held for naught and cancelled and though the recital is found in the later order of the court that it sustained this motion and dismissed plaintiff's petition, this later recital is not effective as an order dismissing it, and therefore it is our opinion that this order was an interlocutory rather than a final order, from which no appeal lies.

In the case of Blanton v. National Seed Co., 204 Ky. 407, 264 S. W. 1054, it appears that Blanton sued the National Seed Co. in the Bell circuit court for breach of warranty in the sale of grass seed. The company was a corporation with its principal place of business in Louisville, and its president was served with process there. The company appeared for the sole purpose of quashing return on the summons. Its motion was sustained, and an order entered quashing the summons and the return thereon. The court in dismissing the appeal said:

"Only a final order is appealable. Allison v. Taylor, 3 T. B. Mon. 7; Harding v. Harding, 145 Ky. 315, 140 S. W. 533. An order merely quashing a return on the summons, and not followed by a judgment disposing of the action, is not a final order

from which an appeal will lie. Wearen v. Smith, 80 Ky. 216; Winn v. Carter Dry Goods Co., 102 Ky. 370, 43 S. W. 436, 19 Ky. Law Rep. 1418; Edmonds v. David G. Evans & Co., 168 Ky. 393, 182 S. W. 207. An appeal from an order that is not final will be dismissed without prejudice. Howard v. Louisville & N. R. Co., 32 S. W. 746, 17 Ky. Law Rep. 814.''

To like effect see Winn v. Carter Dry Goods Co., supra, and Bastian Bros. Co. v. Field, Judge, 280 Ky. 727, 134 S. W. (2d) 648, wherein it is held that an order of the court, sustaining or overruling motion to quash officer's return on summons, is interlocutory and not appealable to the Court of Appeals.

Further, in Edmonds v. David G. Evans & Co., 168 Ky. 393, 182 S. W. 207, it is likewise held that the order of a court quashing a summons is not final nor appealable, but that the remedy of the plaintiff, when summons is quashed, wishing to bring an appeal to this court is to pursue ''the practice set out in Speckert v. Ray, Judge, 166 Ky. 622, 179 S. W. 592 [4 A. L. R. 603], where it was said, in answer to the argument that the plaintiff has no remedy when the summons is quashed: 'If, after the quashing of the return on the summons, she had advised the judge of the circuit court that she proposed taking no further step in the case, he doubtless would have entered judgment dismissing the action for want of jurisdiction of the person of the defendant, from which judgment, upon reserving the necessary exception, she could have taken an appeal to this court, and thereby obtained a review of the rulings of the circuit judge complained of.' ''

Our examination of the record does not indicate, as we view it, that counsel for appellant here followed the remedy set forth in the Speckert case, supra, so as to make the order final and appealable, in that while it is so recited, as above stated, in such later order of the court that the court when overruling the motion to quash did thereupon dismiss the petition, our reference to such order quashing the process and return by which alone the court could and must speak, did not go further than to sustain the motion to quash and did not therein dismiss the petition so as to make its ruling a final order and appealable.

It therefore, thus appearing that there has been

only an order of the court quashing the process, which is not a final but only an interlocutory order, it is our view that the appellee's motion to dismiss the appeal should have been sustained.

In view of our conclusion reached that this appeal should be dismissed by reason of the appellant's having here attempted to prosecute its appeal from an interlocutory rather than a final order, it is needless to discuss the second question spoken of supra as being here also presented, in that, there being no appeal before us, that question is not before us and therefore can not be properly here considered and disposed of.

Appellee's motion that the appeal be dismissed is sustained.