Gerald TANKERSLEY, Appellant,

v.

Dillie GILKEY, Appellee.

Court of Appeals of Kentucky.

March 13, 1964.

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellant.

Franklin & Gordon, Madisonville, for appellee.

CULLEN, Commissioner.

Dillie Gilkey sued Gerald Tankersley for damages arising out of an automobile collision. Tankersley moved to quash the summons. On October 1, 1962, an order was entered overruling that motion. On the same day the court entered an order adjudging Tankersley to be in default for failure to appear, adjudging that the allegations of the complaint be taken as confessed, except the allegations concerning damages, and ordering that a jury trial be held thereafter for the purpose of assessing damages. Also on the same day, Tankersley entered a motion to be permitted to file an answer to the complaint. That motion was overruled by an order of October 10, 1962.

Tankersley has undertaken to appeal from the three orders above mentioned. Obviously, the order overruling the motion to quash the summons is interlocutory and not appealable. Bastian Bros. Co. v. Field, 280 Ky. 727, 134 S.W.2d 648. The same is true as to the order overruling the motion for permission to file an answer. Vance v. King, Ky., 322 S.W.2d 485; Wilhelm v. Hendrick, 177 Ky. 296, 197 S.W. 836.

The order adjudging Tankersley to be in default did not finally dispose of the action because it left to be determined the amount of damages. The order was merely interlocutory and is not appealable. See 49

C.J.S. Judgments § 216, pp. 381, 382; cf. Kentucky Heating Co. v. City of Louisville, 178 Ky. 424, 198 S.W. 1150; Green River Fuel Co. v. Sutton, 260 Ky. 288, 84 S.W.2d 79; Hubbard v. Hubbard, 303 Ky. 411, 197 S.W.2d 923.

The appeal is dismissed.