RENDERED:  JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NOS. 2021-CA-1269-MR & 2021-CA-1375-MR

JOHN BYRNES                                  APPELLANT/CROSS-APPELLEE


APPEAL AND CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NO. 19-CA-001454


KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY        APPELLEE/CROSS-APPELLANT


OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE, AND LAMBERT
JUDGES.

ECKERLE, JUDGE:  The instant cases are before us following remand for an

evidentiary hearing in *Byrnes v. Kentucky Farm Bureau Insurance Company*, No.

2019-CI-1790-MR, 2021 WL 1583865 (Apr. 23, 2021).  Because the parties have

appealed from an interlocutory opionion and order that did not adjudicate all the claims, we dismiss the appeal.

John Byrnes (Byrnes) represented three individuals who had been involved in a minor, motor vehicle incident. Kentucky Farm Bureau Mutual Insurance Company (KFB) insured Byrnes' clients and provided them their basic reparations benefits (BRB). KFB then informed Byrnes that it had its own counsel to pursue its personal injury protection BRB subrogation. KFB then instituted an arbitration proceeding against the tortfeasor's insurance company.

Byrnes successfully settled his clients' claims with the tortfeasor's insurance carrier, and KFB successfully obtained reimbursement for BRB in the arbitration proceeding. Byrnes then requested attorney's fees from KFB pursuant to KRS[1] 304.39-070(5).[2] KFB refused the demand, asserting there was no legal

---

[1] Kentucky Revised Statutes.

[2] That statute reads:

> An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparations benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

requirement to pay any attorney's fee. Byrnes then filed a complaint in Jefferson Circuit Court against KFB. The Trial Court granted summary judgment to KFB, and on appeal we reversed and remanded for the Trial Court to conduct a hearing pursuant to *Baker v. Motorists Insurance Companies*, 695 S.W.2d 415 (Ky. 1985), and determine if Byrnes conferred a benefit upon KFB, thus entitling Byrnes to attorney's fees for said benefit. We further remanded Byrnes' remaining claims, including requests for compensatory and punitive damages raised under various theories including an alleged violation of the Kentucky Unfair Claims Settlement Practice Act. We specifically stated, "After the determination of entitlement to the statutory fees, *the circuit court then shall address Byrnes' remaining claims*, if not otherwise rendered moot by the court's ruling." *Byrnes v. Kentucky Farm Bureau Insurance Co.*, 2021 WL 1582865, *5 (emphasis added).

The Trial Court conducted an evidentiary hearing and entered an opinion and order finding Byrnes was entitled to $500 in attorney's fees, but the opinion and order is silent on Byrnes' remaining claims. The opinion and order does not contain any finality language per CR[3] 54.02. Indeed, it does not appear that the opinion and order was intended to be a final determination of all claims, as during closing arguments both parties noted there were additional claims outstanding that would be moot only if there were no award of attorney's fees.

---

[3] Kentucky Rules of Civil Procedure.

The Trial Court noted it needed additional proof on those claims, and KFB specifically requested additional proceedings on those claims if there was an award of attorney's fees. The opinion and order granted attorney's fees, thus there are additional claims outstanding.

Curiously, both parties' briefs have addressed a punitive damages claim on appeal, though neither side has cited to any opinion or order on the subject. KFB even states, "The Circuit Court's Order dismissing these claims should be upheld." Appellee/Cross-Appellant's Brief at 19. KFB provides no citation to where we should find this order in the record, and we have discovered no such order in our review of the record.

"Only a final order is appealable." *Town of Wallins v. Luten Bridge Co.*, 291 Ky. 73, 163 S.W.2d 276, 279 (1942). *See also Wright v. Ecolab, Inc.*, 461 S.W.3d 753, 758 (Ky. 2015). Final judgments are those that either "adjudicat[e] all the rights of all the parties in an action or proceeding" or have been "made final under Rule 54.02." CR 54.01. "While the parties did not raise the issue of appellate jurisdiction in their briefs, we are the guardians of our jurisdiction and thus are obligated to raise a jurisdictional issue *sua sponte* if the underlying order appears to lack finality." *Padgett v. Steinbrecher*, 355 S.W.3d 457, 459-60 (Ky. App. 2011) (citations omitted).

The instant opinion and order lacks such finality. It neither adjudicates all claims nor contains finality language. The parties below informed the Trial Court that additional proceedings would be necessary if the Trial Court awarded attorney's fees. The Trial Court logically is expecting additional proceedings, not an appeal of its interlocutory order. Byrnes' claims alleging negligence per se, statutory bad faith, and violations of the Kentucky Unfair Claims Settlement Practice Acts, with corresponding requests for compensatory and punitive damages, remain outstanding.

Accordingly, as the parties have appealed from a non-final judgment, we DISMISS the instant appeal.

ALL CONCUR.

ENTERED: _July 21, 2023_____     _____
                                   JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT/CROSS-APPELLEE:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

Brian D. Stempien
Louisville, Kentucky