RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0396-MR

COURTNEY BACHE                                                                       APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 19-CI-006647

PHILIP SALLEE                                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Courtney Bache appeals from an order denying her petition to

compel arbitration entered by the Jefferson Circuit Court on March 16, 2021.

Following review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Courtney Bache and Philip Sallee entered into a written agreement,

which included a nondisclosure provision and provided for damages if breached. It

also contained an arbitration clause. Bache believed Sallee breached the

agreement and demanded he pay her damages. When Sallee refused, Bache

repeatedly demanded arbitration – but to no avail. Bache subsequently filed this

action requesting that the trial court compel arbitration. The trial court ultimately

denied Bache's request, finding: (1) the Federal Arbitration Act (FAA)[1] did not

apply because the agreement did not involve interstate commerce, and (2) it could

not compel arbitration because the agreement did not comply with the mandates of

the Kentucky Uniform Arbitration Act (KUAA)[2] by providing that arbitration

occur in Kentucky. This appeal followed.

### STANDARD OF REVIEW

An order denying a motion to compel arbitration is appealable under

KRS 417.220(1). *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340

(Ky. App. 2001). On review,

> we defer to the trial court's factual findings, upsetting
> them only if clearly erroneous or if unsupported by
> substantial evidence, but we review without deference
> the trial court's identification and application of legal
> principles. Apparently the trial court made no factual
> findings in this case, but based its ruling solely on the
> application of certain principles of contract law to the

---

[1] 9 United States Code (U.S.C.) §§ 1 *et seq.*

[2] Kentucky Revised Statutes (KRS) 417.045 *et seq.*

arbitration clause . . . . Our review, accordingly, is *de novo*.

*Id.*

## ANALYSIS

On appeal, Bache first asserts the FAA applies to the agreement. In *Southland Corporation v. Keating*, 465 U.S. 1, 16, 104 S. Ct. 852, 861, 79 L. Ed. 2d 1 (1984), the United States Supreme Court held that Congress intended the FAA to apply in state courts and to pre-empt state antiarbitration laws to the contrary. Stated another way, the FAA, *where applicable*, preempts all state law. *See Saneii v. Robards*, 289 F. Supp. 2d 855 (W. D. Ky. 2003).

The FAA provides:

> A written provision in any maritime transaction *or a contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).[3]  Thus, as indicated by the above emphasized language, the FAA applies where there is "a contract evidencing a transaction involving commerce[.]"  *Id.*  *See also Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 841, 130 L. Ed. 2d 753 (1995).

Concerning the applicability of the FAA, the Supreme Court of Kentucky observed:

> The Federal Act applies to arbitration provisions in contracts "evidencing a transaction involving [interstate] commerce," 9 U.S.C. § 2, and almost certainly applies here.  Congress's commerce power is interpreted broadly, and "may be exercised in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice . . . subject to federal control."  *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-57, 123 S. Ct. 2037, 156 L. Ed. 2d 46 (2003) (citation and internal quotation marks omitted).  The Supreme Court has held that health care is one such activity.

*Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 589 (Ky. 2012).

Here, the trial court found the FAA inapplicable because the agreement dealt solely with matters concerning Kentucky parties and activity – or inactivity – and was, therefore, an intrastate contract as opposed to one involving interstate commerce.  The trial court correctly found the case herein is

---

[3]  During the pendency of this appeal, this section was amended, effective March 3, 2022, to add the phrase "or as otherwise provided in chapter 4."

distinguishable from *Ping* because the actions and inactions[4] addressed in the agreement – namely nondisclosure of their relationship, refraining from litigating any disputes between themselves, returning one another's personal property, and no further contact with each other – do not represent general practices subject to federal control, such as healthcare.

Bache next argues the arbitration clause of the agreement is enforceable under the KUAA. However, the Supreme Court of Kentucky held, "[s]ubject matter jurisdiction to enforce an agreement to arbitrate is conferred upon a Kentucky court *only* if the agreement provides for arbitration in this state. Thus, an agreement to arbitrate which fails to include the required provision for arbitration within this state is unenforceable in Kentucky courts." *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451, 455 (Ky. 2009) (emphasis added).

---

[4] The United States Supreme Court has held:

> The Constitution grants Congress the power to "regulate Commerce." Art. I, § 8, cl. 3 (emphasis added). The power to regulate commerce presupposes the existence of commercial activity to be regulated. This Court's precedent reflects this understanding: As expansive as this Court's cases construing the scope of the commerce power have been, they uniformly describe the power as reaching "activity." E.g., *United States v. Lopez*, 514 U.S. 549, 560, 115 S. Ct. 1624, 131 L. Ed. 2d 626 [(1995)].

*Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 520, 132 S. Ct. 2566, 2572-73, 183 L. Ed. 2d 450 (2012). Thus, to the extent the agreement addresses inactions, the FAA cannot apply.

In the instant action, while the parties' agreement includes a choice of law provision designating Kentucky law to be followed, it failed to include a forum selection clause, and absolutely no location was designated for arbitration to occur. "Such failure is fatal to the arbitration clause's enforceability in this Commonwealth." *Padgett v. Steinbrecher*, 355 S.W.3d 457, 463 (Ky. App. 2011). Accordingly, the trial court did not err in its denial of Bache's motion to compel arbitration.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven R. Romines
Louisville, Kentucky

BRIEF FOR APPELLEE:

Emily W. Newman
Paul A. Dzenitis
Miranda R. Carter[5]
Louisville, Kentucky

James L. Deckard
Lexington, Kentucky

---

[5] Miranda Carter moved the Court of Appeals to withdraw as counsel. Her motion was granted by order entered January 25, 2022.