RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0728-MR

RAFAEL CRUZ, MD                      APPELLANT

              APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE ANN BAILEY SMITH, JUDGE
              ACTION NO. 20-CI-001788

NORTON HEALTHCARE, INC.;
COMMUNITY MEDICAL
ASSOCIATES, INC., D/B/A NORTON
IMMEDIATE CARE CENTER; AND
KYLE KNIGHT, INDIVIDUALLY
AND IN HIS CAPACITY AS A
REPRESENTATIVE OF NORTON
IMMEDIATE CARE CENTER                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Rafael Cruz, MD, appeals from the Jefferson Circuit

Court's May 31, 2023, Opinion and Order summarily dismissing his claims that

Norton Healthcare, Inc. and its employee, Kyle Knight, had discriminated against

him in violation of the Kentucky Civil Rights Act ("KCRA"), Kentucky Revised Statutes ("KRS") Chapter 344. Having reviewed the parties' briefs, the record, and the law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2002, Cruz, a physician, was employed by Norton to work part-time and as-needed at its various Immediate Care Centers ("ICC") in Kentucky and Indiana, where Cruz is a resident. Initially, Cruz worked two to four 12-hour shifts weekly. In 2008, Cruz began to experience difficulties with his vision, including intermittent double vision, poor night vision, and fatigue, that he asserts qualify as a medical disability (Norton disputes this characterization as contrary to Kentucky law). In 2012, Cruz contacted Norton's human resources department to obtain a modified schedule, and Norton accommodated his request without requiring medical documentation. As a result, from 2012 to approximately 2017, Cruz worked Tuesdays and Wednesdays from 9:00 AM to 5:00 PM at the ICC in Clarksville, Indiana, the closest to his home, or the ICC in downtown Louisville, Kentucky. After 2017, the downtown Louisville ICC closed, and Cruz worked solely at the Clarksville, Indiana location.

In November 2019, Knight, Norton's Director of Operations, met with Cruz to discuss widespread business changes that would necessitate changing his and other ICC providers' work schedules in the new year. An initial amended

schedule had Cruz working alternating 12-hour shifts every Monday and Tuesday in Clarksville with another provider. Citing his disability, Cruz was resistant to the change. At Norton's request, Cruz submitted a letter from his optometrist stating that it was his recommendation that Cruz "[a]void driving at night" and "limit the work day to 9-5 eight hour shifts in order to avoid excessive fatigue and to mostly drive during daylight hours." Norton then proposed the following two-week schedule:

> Week 1: Monday 9:00 AM to 5:00 PM at the Clarksville
> ICC; Tuesday 9:00 AM to 5:00 PM at the Clarksville or
> Jeffersonville[, Indiana] ICC.

> Week 2: Sunday and Monday 9:00 AM to 5:00 PM at
> the Clarksville ICC.

Ultimately, Cruz did not accept the changed schedule, and he submitted an involuntary resignation on July 31, 2020. The underlying action was filed prior thereto, on March 9, 2020. In his petition, Cruz asserted that, in violation of the KCRA,[1] Norton had discriminated against him on the basis of his

---

[1] The purpose of the KCRA is to:

> safeguard all individuals within the state from discrimination
> because of familial status, race, color, religion, national origin, sex,
> age forty (40) and over, or because of the person's status as a
> qualified individual with a disability as defined in KRS 344.010
> and KRS 344.030; thereby to protect their interest in personal
> dignity and freedom from humiliation, to make available to the
> state their full productive capacities, . . . to preserve the public
> safety, health, and general welfare, and to further the interest,
> rights, and privileges of individuals within the state[.]

disability, race, and age (his prior shifts having been allegedly reassigned to a younger Caucasian nurse practitioner). Additionally, Cruz claimed that in retaliation for seeking an accommodation Norton had required him to work at the Jeffersonville ICC and assigned him a regular weekend shift, which he had never been subjected to during the course of his lengthy employment, before ultimately removing him from the schedule without notice.[2]

Norton denied the allegations and, on December 8, 2022, it filed a motion for summary judgment. The court granted the motion by an Opinion and Order entered May 31, 2023. Therein, the court stated that it was indisputable that during all relevant time periods Cruz was a resident of Indiana, he worked for Norton exclusively in Indiana, and that every event that allegedly caused him harm occurred in Indiana. Accordingly, citing *Union Underwear Co. v. Barnhart*, 50 S.W.3d 188, 191 (Ky. 2001), the court concluded that it did not have subject matter jurisdiction over Cruz's KCRA claims. The court further held that, in the alternative, the proposed schedule change did not constitute an adverse employment action. This appeal timely followed.

## STANDARD OF REVIEW

---

KRS 344.020(1)(b).

[2] Cruz has not challenged the dismissal of his additional claim for promissory estoppel.

Summary judgment should be cautiously applied and should not be used as a substitute for trial. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). A court should grant summary judgment only when "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. In considering a motion for summary judgment, a court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480.

On appeal, we must consider whether the court correctly determined that Cruz could not have presented evidence at trial that would warrant a judgment in his favor. Since summary judgment involves only questions of law and not the resolution of disputed material facts, we need not defer to the trial court's decision. *Goldsmith v. Allied Bldg. Components. Inc.*, 833 S.W.2d 378, 381 (Ky. 1992). Our review is *de novo*. *Id.*

**ANALYSIS**

Cruz first challenges the court's conclusion that it did not have subject matter jurisdiction, and we agree that the court erred. As the Supreme Court of Kentucky explained in *Barnhart*, "[s]ubject-matter jurisdiction usually refers to a

court's power to hear this kind of case rather than the court's power to hear a particular case." 50 S.W.3d at 189 (citing *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970)). And here, like in *Barnhart*, the circuit court was unquestionably empowered to decide Cruz's employment discrimination claims brought pursuant to the KCRA. *Id.* at 189-91 (citing KRS 344.450). However, as Cruz concedes, it is clear from the order on appeal that, despite the incorrect statement of law, the court dismissed the action based on its determination that Cruz was seeking to impermissibly apply the KCRA extraterritorially. Therefore, it is this conclusion that we shall review.

Cruz relies on his employment contract to prove that his KCRA claims are not impermissibly extraterritorial. Specifically, he cites provisions of the contract stating that: Norton is organized under the laws of Kentucky, that it desired to engage the services of a physician licensed to practice in Kentucky and/or Indiana, that the intent of the parties was for the contract to be performed in Kentucky, and that the agreement would be construed and enforced in accordance

with the laws of Kentucky.  He asserts that the choice of law provision[3] of the

contract is binding and requires reversal.[4]

In its motion for summary judgment, Norton expressly asserted that,

pursuant to *Barnhart*, *supra*, Kentucky law did not apply because all of the events

relevant to the case occurred when Cruz, a resident of Indiana, worked exclusively

in that state.  Although Cruz contested Norton's factual assertions and cited to the

employment contract's statement that it was to be performed in Kentucky, he

neither referenced the contract's provision that its enforcement was to be governed

by Kentucky law nor the RESTATEMENT (SECOND) CONFLICT OF LAWS, on which he

relies in this appeal.  Only issues properly brought to the attention of the circuit

court are adequately preserved for appellate review.  *Elery v. Commonwealth*, 368

S.W.3d 78, 97 (Ky. 2012) (citing *Richardson v. Commonwealth*, 483 S.W.2d 105,

---

[3]  A choice of law provision "provides that, in whatever forum [the action arises], disputes between the parties will be governed by the law of a chosen jurisdiction." *Padgett v. Steinbrecher*, 355 S.W.3d 457, 462 (Ky. App. 2011) (citing John R. Leathers, *Choice of Law in Kentucky*, 87 KY. LAW J. 583, 599 (Spring 1999)).  Even though Kentucky is both the forum state and the chosen jurisdiction, the doctrine is not irrelevant to this case because, pursuant to the RESTATEMENT (SECOND) OF CONFLICT OF LAWS, the application of the chosen jurisdiction's law is limited to its substantive law and excludes its rules of conflict of laws. *See* § 187 (3) and cmt. h (1988).  Accordingly, assuming the choice of law provision was effective in this matter, if the limitation of the KCRA to territorial claims, as recognized in *Barnhart*, was deemed a rule of conflict of laws, then arguably it would not apply to Cruz's action. *See Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y. 3d 466 (N.Y. 2015).

[4]  Contrary to his argument that the employment contract contained a choice of law provision, Cruz also states the general rule for determining what law will govern in the absence of an effective choice by the parties, citing *Saleba v. Schrand*, 300 S.W.3d 177 (Ky. 2009) (quoting the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1) (1971)).

106 (Ky. 1972)).  Because we conclude that Cruz's argument was not presented to the circuit court, we are not permitted to address the merits.

In a related argument, found in his statement of the facts, Cruz disputes the court's conclusion that all relevant events occurred in Indiana. Predominantly, Cruz frames this as a conflict of laws issue and, as previously stated, we are thus unable to address the argument because it is not preserved.  But, Cruz also asserts that all of Norton's discriminatory determinations as well as his own unsuccessful efforts to engage in a timely and good faith interactive process to come to a reasonable accommodation with Norton occurred in Kentucky.  And, finally, Cruz claims that Kentucky was where he worked for Norton for 15 years on a regularly scheduled basis; it was where all corporate meetings, training, continuing education, and certifications occurred; and it was where the ultimate decision to change his schedule occurred.

To the extent Cruz argues that there was a genuine issue of material fact as to where the relevant events occurred, we disagree.  His assertions that he underwent meetings, trainings, or certifications in Kentucky are wholly unsupported without any reference to the record.  Additionally, Cruz stated in his deposition that he had no complaint with Norton's treatment of him prior to November 2019, and he admitted that he had not been scheduled to work in Kentucky since approximately 2017 and that he could not remember if he had done

so on an ad hoc basis since that time. Finally, as for his claim that the decision to change his schedule was made in Kentucky, *Barnhart* demonstrates that it is the employee's connections with the state that are relevant, not where the decision was made. 50 S.W.3d at 190 (*see also* n.1 of the dissent). Accordingly, Cruz's claim that the court erred is without merit.

Because we are affirming the court's determination that the KCRA does not apply to Cruz's discrimination claims, we need not address its alternative conclusion that Cruz failed to establish that he incurred an adverse employment action.

## CONCLUSION

Therefore, the judgment of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kyle T. Thompson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Ryan M. Martin
Cincinnati, Ohio

Dustin E. Meek
Louisville, Kentucky