RENDERED:  FEBRUARY 21, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0960-MR

BLC LEXINGTON SNF, LLC D/B/A
BROOKDALE RICHMOND PLACE
SNF D/B/A RICHMOND PLACE
REHABILITATION AND HEALTH
CENTER; AMERICAN RETIREMENT
CORPORATION; ARC RICHMOND
PLACE, LLC D/B/A BROOKDALE
RICHMOND PLACE PCH; BECKY
STOCKER, IN HER CAPACITY AS
ADMINISTRATOR OF BROOKDALE
RICHMOND PLACE SNF;
BROOKDALE SENIOR LIVING
COMMUNITIES, INC.; AND
BROOKDALE SENIOR LIVING INC.                                APPELLANTS


v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE DIANE MINNIFIELD, JUDGE
ACTION NO. 21-CI-01993


BONNIE TOWNSEND, EXECUTRIX
OF THE ESTATE OF LINDA ELAM
AND ON BEHALF OF THE
WRONGFUL DEATH
BENEFICIARIES OF LINDA ELAM                                APPELLEE

** ** ** ** **

BEFORE: ACREE, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is a wrongful death case involving an issue of statutory

interpretation. Linda Elam is the decedent. Appellee is Bonnie Townsend,

executrix of the estate of Linda Elam and on behalf of the wrongful death

beneficiaries (Estate).[1] Townsend is Ms. Elam's sister. The wrongful death

beneficiaries are Ms. Elam's grandchildren (Grandchildren). Appellants are BLC

Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF d/b/a Richmond Place

Rehabilitation and Health Center (BLC), *et. al.* Ms. Elam was a resident at BLC's

nursing home facility in Lexington, Kentucky. She was admitted on June 15,

2020. Townsend signed an arbitration agreement in her capacity as Ms. Elam's

representative on that same day. On July 8, 2020, Ms. Elam was discharged from

BLC and admitted to hospice care at the University of Kentucky, where she passed

away on July 13, 2020.

In her capacity as executrix of Ms. Elam's estate, Townsend filed a

tort suit against BLC in Fayette Circuit Court (State Action). An Amended

---

[1] "[T]he wrongful death beneficiaries of Linda Elam" are not named as parties to the Complaint, the Amended Complaint, or in order denying dismissal from which BLC appeals. It appears that they were added in the body of the Notice of Appeal and were added to the caption of the present decision as a result.

Complaint was filed nine months later asserting a wrongful death claim on behalf of Ms. Elam's Grandchildren. Soon after the initial Complaint was filed, however, BLC filed a petition with the United States District Court for the Eastern District of Kentucky against Townsend to compel arbitration (Federal Action). The two cases proceeded simultaneously until the BLC's motion to compel was granted by the United States District Court. As a result, Townsend was enjoined from litigating the State Action further. Grandchildren's wrongful death claims were permitted to proceed.

A stay order was issued in the State Action, but then subsequently lifted. BLC filed two separate motions to dismiss based on the federal order compelling arbitration. The Fayette Circuit Court denied the second motion to dismiss. BLC appeals from that order to the Court as a matter of right. It raises multiple issues, including whether the wrongful death claims Townsend is asserting on behalf of Grandchildren belong to the Estate pursuant to Kentucky's wrongful death statute, thus subjecting those claims to arbitration. We uniformly answer that question in the negative. Therefore, we AFFIRM.

## STANDARD OF REVIEW

This is an appeal taken as a matter of right under KRS[2] 417.220 because the order denying BLC's Second Motion to Dismiss has the force and

---

[2] Kentucky Revised Statutes.

effect of a denial of a motion to compel arbitration. *See Padgett v. Steinbrecher*, 355 S.W.3d 457, 460 (Ky. App. 2011); and *Drees Co. v. Osburg*, 144 S.W.3d 831, 832 n.1 (Ky. App. 2003).

> In reviewing an order denying enforcement of an arbitration clause or agreement, we apply a two-fold standard of review. *See* KRS 417.220(2) ("The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."). First, we examine the trial court's findings of fact. *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky. App. 2001). Those factual findings are reviewed under the clearly erroneous standard and are deemed conclusive if they are supported by substantial evidence. *Id.* Second, we review the circuit court's legal conclusions *de novo* to determine if the law was properly applied to the facts. *Id.*

*Padgett*, 355 S.W.3d at 459. With this standard in mind, we now return to the facts and law at issue in the present case.[3]

---

[3] As an alternative argument to the underlying substantive claim, BLC asserts that the Amended Complaint was filed outside of the one-year statute of limitation and is therefore time barred. KRS 411.130. We decline to address this issue on the merits. KRS 417.220(1)(a) permits an appeal from what would otherwise be an interlocutory order "denying an application to compel arbitration[.]" As previously cited, the denial of a motion to dismiss in this context has the force and effect of a denial of a motion to compel arbitration. However, there is no similar provision for an appeal from the denial of a motion to dismiss based on a statute of limitation defense. Moreover, the circuit court made no findings on that issue. While we may affirm for any reason contained in the record, BLC is asking us to reverse, and to do so without findings on a threshold issue most properly within the purview of the circuit court. That would be improper. Yet, nothing herein forecloses reconsideration of this issue by the circuit court. And to be clear, we make no determination as to the merits of this defense.

# ANALYSIS

BLC and the Estate have arbitrated Townsend's claims while this appeal was pending. Nothing else regarding the arbitration proceedings or its result has been presented to this Court. Indeed, its relevance here is nominal.[4] The key matter for us to consider is the application of KRS 411.130. It provides:

> (1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.
>
> (2) The amount recovered, less funeral expenses and the cost of administration and costs of recovery including attorney fees, not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order:
>
> > (a) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to the widow or husband.
> >
> > (b) If the deceased leaves a widow and children or a husband and children, then one-half (1/2) to the widow or husband and the other one-half (1/2) to the children of the deceased.

---

[4] The agreement states in relevant part: "arbitration proceedings shall remain confidential in all respects . . . . [T]he parties to the arbitration also agree not to discuss the amount of the arbitration award or any settlement, the names of the parties, or name/location of the Provider except as required by law."

(c) If the deceased leaves a child or children, but no widow or husband, then the whole to the child or children.

(d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased, one (1) moiety each, if both are living; if the mother is dead and the father is living, the whole thereof shall pass to the father; and if the father is dead and the mother living, the whole thereof shall go to the mother. In the event the deceased was an adopted person, "mother" and "father" shall mean the adoptive parents of the deceased.

**(e) If the deceased leaves no widow, husband or child, and if both father and mother are dead, then the whole of the recovery *shall become a part of the personal estate of the deceased*, and after the payment of his debts the remainder, if any, *shall pass to his kindred more remote than those above named*, according to the law of descent and distribution**.

*Id.* (emphasis added). Because Ms. Elam has no surviving parents, spouse, or children, who have raised claims in this case, BLC argues that Grandchildren's claim (or the claim of any "kindred more remote than those above named [in sections (a)-(d)]") belongs to Ms. Elam's estate under section (e). We disagree. KRS 411.130 is a distributive provision, not a restraint on potential claimants. "[K]indred more remote than those above named," denotes a category of persons whose consanguinity is more remote than those relatives expressly enumerated. KRS 411.130(2)(e) is not a legislative directive barring this class of individuals as

-6-

beneficiaries of a wrongful death claim.  BLC is incorrect in its assertion that

Grandchildren are subject to arbitration under the order of the United States

District Court filed on September 28, 2022.  Its order is worth citing at length:

> Under Kentucky law, a decedent or representative of a decedent cannot bind a wrongful death beneficiary to an arbitration agreement.  *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581,597-99 (Ky. 2012); "Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another" a representative of the decedent can bring a claim for damages against the person or agent who caused the death.  Ky. Rev. Stat. § 411.130(1).
>
> . . .
>
> Thus, wrongful death beneficiaries who do not sign the arbitration agreement are not parties to the agreement and their claims are not subject to an order compelling arbitration.  *See Richmond Health Facilities-Madison, L.P. v. Shearer*, No. CV 5:17-255-KKC, 2017 WL 3273381, at *6 (E.D. Ky. Aug. 1, 2017).
>
> But statutory beneficiaries who do sign an arbitration agreement do elect to arbitrate their wrongful death claims – because resident representatives are in fact parties to the contract.  *See BLC Lexington SNF, LLC v. Oatis*, No. CV 5:19-284-DCR, 2019 WL 6221006, at *14 (E.D. Ky. Nov. 20, 2019) (daughters who signed a care facility arbitration agreement as representatives bound to arbitrate their wrongful death claims); *Diversicare Leasing Corp. v. Hall*, No. CV 15-29- HRW, 2016 WL 10654078, at *1 (E.D. Ky. Aug. 8, 2016) (a wrongful death beneficiary who signed a valid arbitration agreement "was thus a party to it"); *BLC Lexington SNF, LLC v. Petersen*, No. CV 5:19-465-GFVT, 2020 WL 3130292, at *10 (E.D. Ky. June 12, 2020) (citing

> *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 199
> (6th Cir. 2016)).
>
> Townsend is Elam's surviving sibling. Because
> Elam left no surviving spouse, children, or parents,
> Townsend is a beneficiary under KRS 411.130(e).
> Townsend signed the arbitration agreement acting as
> resident representative and is therefore a party to the
> agreement. Townsend, in her capacity as a wrongful
> death beneficiary herself, is bound to commit her own
> wrongful death claims to arbitration. Though plaintiffs
> seem to suggest that this ends the inquiry, there remains
> the matter of the additional wrongful death beneficiaries,
> as outlined in Townsend's amended state court complaint
> and her pleadings to this Court (DE 6, 11, 16). As to the
> non-signatory wrongful death beneficiaries, the law is
> clear: they are not parties to the arbitration agreement.

*BLC Lexington SNF, LLC v. Townsend*, No. 5:21-cv-223 (E.D. Ky. Sep. 28, 2022)

(emphasis added).[5] Kentucky decisions have also emphasized this reasoning and

result:

> In 2015, in *Extendicare Homes, Inc. v. Whisman*, 478
> S.W.3d 306 (Ky. 2015), the Supreme Court confirmed its
> holding in *Ping*, 376 S.W.3d 581, with an even more
> thorough analysis on the issue as follows:
>
> Under Kentucky law, a wrongful death claim is a distinct
> interest in a property right that belongs *only* to the
> statutorily-designated beneficiaries. Decedents, having
> no cognizable legal rights in the wrongful death claims
> arising upon their demise, have no authority to make
> contracts disposing of, encumbering, settling, or
> otherwise affecting claims that belong to others. The
> rightful owners of a wrongful death claim, the

---

[5]  To be clear, we are not bound by the District Court's order and do not adopt its findings. It is noted herein because these cases are proceeding simultaneously.

beneficiaries identified in KRS 411.130(2), cannot be bound to the contractual arrangements purportedly made by the decedent with respect to those claims. A decedent has no more authority to bind the wrongful death beneficiaries to an arbitration agreement than he has to bind them to a settlement agreement fixing or limiting the damages to be recovered from the wrongful death action, limiting the persons against whom a claim could be pursued, or an agreement on how and to whom to allocate the damages recovered in a wrongful death claim. Our analysis in *Ping* was thorough, complete, correct, and unanimous . . . and we have no reason to retreat from it now. *Id.* at 314.

*Preferred Care Partners Management Group, L.P. v. Alexander*, 530 S.W.3d 919, 921 (Ky. App. 2017) (some citations and footnote omitted) (quoting *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015) (companion cases reversed in part on other grounds)).

We have been presented with no authority or reasoning that would necessitate a deviation from these decisions. Therefore, when applying KRS 411.130 and the relevant case law in concert, the wrongful death claims in the present case belong to Grandchildren, who were *not* signatories to the arbitration agreement at issue. Therefore, their claims may proceed in Fayette Circuit Court.

Arbitration agreements may have great utility for the drafters thereof. But without comprehensive application of such agreements to "kindred more remote than those above named[,]" wrongful death litigation may proceed in the Court of Justice on behalf of claimants unencumbered by alternative dispute

resolution agreements. *See Preferred Care Partners Mgmt. Grp., L.P.*, 530 S.W.3d at 925 ("Had all the legal beneficiaries of [decedent] executed the arbitration agreement at issue in this case at the time of his admission or during his residency at the nursing home, then the outcome of this case could be different. However, until the Kentucky Supreme Court directs otherwise, we are duty bound to follow existing Kentucky precedent . . . ."). Therefore, having duly considered BLC's arguments including double recovery, reversal is not compelled.

## CONCLUSION

Based on the foregoing, the Fayette County Circuit Court's order DENYING BLC's Second Motion to Dismiss is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE: |
|---|---|
| Connor B. Egan<br>Kif H. Skidmore<br>Lexington, Kentucky | D. Todd Varellas<br>Sandra M. Varellas<br>Lexington, Kentucky |
| ORAL ARGUMENT FOR<br>APPELLANTS: | ORAL ARGUMENT FOR<br>APPELLEE: |
| Connor B. Egan<br>Lexington, Kentucky | D. Todd Varellas<br>Lexington, Kentucky |